1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENDON NATIONAL                       No. 2:15-cv-01309-KJM-KJN
     INSURANCE COMPANY,
12
                      Plaintiff,
13                                             ORDER DENYING MOTION TO REMAND
14            v.

15   CARDINAL LOGISTICS
     MANAGEMENT CORPORATION aka
16   CARDINAL FREIGHT FLEET, AND
     PROTECTIVE INSURANCE
17   COMPANY, and DOES 1 through 25,[1]
     inclusive,
18
                      Defendants.
19

20            Plaintiff Clarendon National Insurance Company ("Plaintiff") brought this action

21   in Sacramento County Superior Court against Defendants Clarendon Logistics Management

---

[1]    The Ninth Circuit provides "'[plaintiffs] should be given an opportunity through discovery to
identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged
defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177
F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980))
(modifications in original). Plaintiff is cautioned that such defendants will be dismissed where "'it
is clear that discovery would not uncover the identities, or that the complaint would be dismissed
on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Federal Rule of Civil Procedure
4(m), as recently amended, provides for dismissal of defendants not served within 90 days of
filing of the complaint unless plaintiff shows good cause. *See Glass v. Fields*, No. 1:09-cv-00098-
OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v.
Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1    Corporation, Protective Insurance Company ("Defendants").  Defendants subsequently removed
2    the case to federal court based on diversity jurisdiction.  Defendants also filed a counterclaim
3    against Plaintiff alleging that Plaintiff committed a breach of contract and a breach of the
4    covenant of good faith and fair dealing.  Now pending before the court is Plaintiff's motion to
5    remand.   Plaintiff contends that because the action "arises under" California's workers'
6    compensation laws, the action is not removable under 28 U.S.C. § 1445(c).  (Pl.'s Mot. to
7    Remand ("Mot.") 1:23-27, ECF No. 13.)  Defendants oppose Plaintiff's motion. After carefully
8    considering the parties' submissions, the court concludes that Plaintiff's claims do not arise under
9    California's workers' compensation laws and therefore DENIES the motion to remand.

10       I.       BACKGROUND

11           Plaintiff argues that "[o]n May 27, 2002," Plaintiff issued "a workers'
12   compensation and employer's liability insurance policy" to Satbir Singh that "provided benefits
13   to Satbir Singh *while working in the capacity of an independent contractor*."  (*Id.* at 2:3-6.)
14   Plaintiff further argues that Cardinal Logistics Management Corporation a.k.a. Cardinal Freight
15   Fleet ("Cardinal") "was insured through Protective Insurance Company [('Protective')] for
16   workers' compensation [claims]" resulting from injuries sustained by individuals working for
17   Cardinal in the capacity of employee "from July 1, 2001 through July 1, 2003."  (*Id.* at 2:10-11.)

18           Plaintiff contends that "[o]n July 17, 2002, Singh suffered an industrial injury
19   *while working as an employee* of [Cardinal]," and thus not while working in the capacity of an
20   independent contractor.  (*Id.* at 2:7-9.)  Plaintiff further contends: "Plaintiff provided benefits to
21   Singh" for the above-referenced industrial injury.  (*Id.* at 2:12.)  Plaintiff argues that "[o]n
22   October 5, 2009, Singh filed an Application for Adjudication of Claims with the Workers'
23   Compensation Appeals Board alleging that he sustained injuries while employed by Cardinal."
24   (*Id.* at 2:13-14.)

25           Plaintiff argues that the Workers' Compensation Administrative Law Judge (ALJ)
26   "requir[ed] [P]laintiff to continue to provide benefits to Singh, but made no determination of the
27   coverage issues between [P]laintiff and Protective Insurance" as to what party was required to
28   provide benefits to Singh.  (*Id.* at 2:15-18.)  Plaintiff further contends that the ALJ specified in his

1    decision that he was "'deferring the coverage issue as well as the issue of contribution between

2    Clarendon and Protective.'"   (*Id.* at 2:26-28 (quoting Ex. A, "Opinion on Decision," Case Nos.

3    ADJ5681902, ADJ7028675, p. 2, ECF No. 13).)

4         This lawsuit followed.  Plaintiff's Complaint alleges three claims:  1) declaratory

5    relief "concerning which carrier provided coverage and is required to provide workers'

6    compensation benefits to non-party Singh," (Ex. A, "Pl.'s Compl." ¶ 15, ECF No. 1); 2) implied

7    indemnity from Defendants, (*id.* ¶ 23); and 3) subrogation reimbursement for all benefits paid to

8    non-party Singh (*id.* ¶ 27).  After removal, Defendants answered the Complaint (Defs.' Answer,

9    ECF No. 3) and filed a Cross-Complaint against Plaintiff alleging two claims: 1) breach of

10   contract; and 2) breach of the covenant of good faith and fair dealing (Defs.' Joint Counterclaim

11   ¶¶ 21, 29, ECF No. 4).

12        II.    LEGAL STANDARD

13        The removal statute provides: "[A]ny civil action brought in a State court of which

14   the district courts of the United States have original jurisdiction" may be removed by a defendant

15   to a federal district court.  28 U.S.C. § 1441(a).  One situation where federal courts have original

16   jurisdiction is where "the matter in controversy exceeds the sum or value of $75,000, exclusive of

17   interest and costs" and where there is complete diversity between and among the parties.  28

18   U.S.C. § 1332(a).

19        The Ninth Circuit "strictly construe[s] the removal statute against removal

20   jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citing *Boggs v. Lewis*, 863

21   F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.

22   1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in

23   the first instance."  *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.

24   1979)).  There is a "strong presumption" against removal jurisdiction, which "means that the

25   defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v.

26   Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross &*

27   *Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).  Furthermore, "removal jurisdiction is strictly

28   construed in favor of remand."  *Nasrawi v. Buck Consultants*, LLC, 776 F.Supp.2d 1166, 1169

(E.D. Cal. 2011) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir.2005)). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Additionally, as provided by 28 U.S.C. §1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. §1445(c). In *Vasquez v. North County Transit District*, the Ninth Circuit articulated the policy rationale underlying 28 U.S.C. §1445(c), which is threefold:  (1) "Congress was concerned with preserving the plaintiff's forum choice in workers' compensation cases[;]" (2) "'the statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes[;]" (3) "'Congress was concerned that 'in a number of states the workload of the Federal courts has greatly increased because of the removal of workmen's compensation cases from the State courts to the Federal courts.'" *Zurich Am. Ins. Co. v. Gen. Motors Corp.*, 242 F.Supp.2d 736, 739 (E.D. Cal. 2003) (quoting *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1061 (9th Cir. 2002).)

The Ninth Circuit has not yet directly interpreted the meaning of "arising under" as used in section 1445(c).[2]  "However, 'other courts of appeals agree that 'arising under' in § 1445(c) has the same meaning as 'arising under' in 28 U.S.C. § 1331, which governs federal question jurisdiction.'"  *S.F. Bay Area Rapid Transit Dist. v. Gen. Reins. Corp.*, Case No. 14-cv-01866-JSC, 2014 WL 2960015 at *2 (N.D. Cal. June 30, 2014) (quoting *Beaver v. NPC Int'l, Inc.*, 451 F.Supp.2d 1196, 1200 (D. Or. 2006)); *see also Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) ("[w]e do not see any reason not to define 'arising under' in section 1445(c) as we have defined it in section 1331"); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995) (utilizing court precedent applying 28 U.S.C. § 1331 in construing § 1445(c))[3]; *Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000) (adopting the *Humphrey*

---

[2]  In *Vasquez v. North Co. Transit Dist.*, 292 F.3d 1049, 1060-61 (9th Cir. 2002), the Circuit found 1445(c) did not apply where claim based on workers' compensation filing with transit board was first filed in federal court and not removed.  While the court in *Vasquez* uses the phrase "arising under," it does so without defining it.  *Id.*

[3]  A former colleague previously considered the meaning of "arising under" and relied on

1    court's and *Jones* court's application of 28 U.S.C. § 1331's standard to § 1445(c)).  The United

2    States Supreme Court decision, *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059 (2013), defines the

3    four-prong test for determining whether a claim "arises under" federal law.  This court applies the

4    *Gunn* standard to the phrase as used in section 1445(c) to determine whether the underlying

5    action arises under a state's workers' compensation statutory scheme.

6            Under *Gunn*, then, this case is properly removed unless a workers' compensation

7    issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) incapable of

8    resolution in federal court without disrupting the balance approved by Congress, namely "the

9    appropriate 'balance of federal and state judicial responsibilities.'"  *Gunn*, 133 S. Ct. at 1065-66.

10       III.   DISCUSSION

11           Applying the *Gunn* test, the court concludes that neither Plaintiff's claims nor

12   Defendants' counterclaims arise under California's workers' compensation laws.

13           Plaintiff argues that "in order to analyze the benefits paid by an insurance

14   company on behalf of a person injured in the scope of employment and apportion liability

15   between [P]laintiff and [D]efendants," California's workers' compensation laws will have to be

16   interpreted.  (Mot. at 6:10-13.)  Plaintiff further argues, "[f]or this Court to determine whether

17   either party mishandled their [sic] investigation or were [sic] negligent in not providing benefits it

18   will have to interpret the workers' compensation laws that govern the issuance of workers'

19   compensation benefits."  (*Id.* at 7:9-12.)  Lastly, Plaintiff argues that the Court "will have to

20   interpret California's workers' compensation laws in order to make a determination" as to

21   whether Plaintiff is entitled to "reimbursement for all benefits paid to Singh, and indemnification

22   for any future benefits owed to Singh."  (*Id.* at 7:18-19, 22-23.)

23           Defendants disagree, asserting that "[a]lthough this matter is related to an

24   underlying workers' compensation claim, it does not 'arise under' any workers' compensation

25   law and therefore does not fall within the scope of the anti-removal statute."  (Defs.' Opp'n to

26   Mot. ("Opp'n") 2:13-15, ECF No. 16.)  Defendants further argue that "[t]his action involves the

27   _____

28   *Humphrey. See Zurich American Ins. v. General Motors Corp.*, 242 F. Supp. 2d 736, 737 (E.D.
     Cal. 2003).

1  interpretation of contract language in the insurance policies issued by [Plaintiff] to Cardinal in

2  which Protective was a third-party beneficiary as set forth in the Counter-Claim [,] [i]t does not

3  involve any workers' compensation statute." (*Id.* at 2:17-19.)

4          Applying the first *Gunn* factor, Defendants have sufficiently shown that

5  "[d]etermining whether [Plaintiff] has coverage or made a bad faith denial of coverage with

6  respect to its policy . . . does not involve determining what workers' compensation benefits are

7  payable, just who pays them." (*Id.* at 3:17-19.).  This action concerns which insurance carrier

8  provided coverage for the workers' compensation claim made by non-party Singh.  Clarendon

9  cites California Labor Code § 5307.1 and the California Code of Regulations, 8 C.C.R.

10 § 10109(a), in support of its motion.  Labor Code § 5307.1 prescribes "reasonable maximum fees

11 paid for [certain enumerated] medical services."  Cal. Lab. Code § 5307.1.  Title 8 of the

12 California Code of Regulations § 10109(a), requires "a claim administrator [to] conduct a

13 reasonable and timely investigation upon receiving notice or knowledge of an injury or claim for

14 a workers' compensation benefit."  8 Cal. Code Regs. § 10109(a).  Neither statute aids the court

15 in determining which insurance carrier provided coverage to Singh.  Accordingly, California's

16 workers' compensation laws "are not relevant" and thus not "necessarily raised" by this action.

17         Applying the second *Gunn* factor, defendants are correct that this case "involves

18 only contractual common law duties." (Opp'n at 3:26.)  "The benefits due non-party . . . Singh

19 have been decided by the Workers' Compensation Appeals Board and are not at issue in this

20 matter." (*Id.* at 4:8-9.)  No workers' compensation law is "actually disputed in this matter."

21         Under *Gunn's* third factor, because no worker's compensation law is "actually

22 disputed in this matter," the resolution of this action will not have any effect on the workers'

23 compensation laws, let alone a substantial effect.

24         Similarly, applying *Gunn's* fourth factor, because no worker's compensation law

25 is implicated in this action, there is no risk that the federal-state balance in administering workers'

26 compensation will be upset by this court's retention of jurisdiction.

27 /////

28 /////

1            Because neither Plaintiff's claims nor Defendants' counterclaims arise under

2    California's workers' compensation laws, Plaintiff's motion to remand is DENIED.

3            So ORDERED.

4    DATED:  March 14, 2016.

_____
                         UNITED STATES DISTRICT JUDGE

7