**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE (213) 629-7600
FACSIMILE (213) 624-1376

Susan J. Field (State Bar No. 086200)
*s.field@mpglaw.com*

Attorneys for Plaintiff/Counter-Defendant Clarendon National Insurance Company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL LOGISTICS MANAGEMENT CORPORATION aka CARDINAL FREIGHT FLEET AND PROTECTIVE INSURANCE COMPANY, and DOES 1 through 25, inclusive,<br><br>Defendants.<br><br>CARDINAL LOGISTICS MANAGEMENT CORPORATION aka CARDINAL FREIGHT FLEET AND PROTECTIVE INSURANCE COMPANY,<br><br>Cross-Complainants,<br><br>vs.<br><br>CLARENDON NATIONAL INSURANCE COMPANY,<br><br>Cross-Defendant. | No. 2:15-cv-01309-KJM-DB<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND PROTECTIVE ORDER PURSUANT TO RULE 26(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

1035071.1

Plaintiff CLARENDON NATIONAL INSURANCE COMPANY ("PLAINTIFF"), and defendant CARDINAL LOGISTICS MANAGEMENT CORPORATION aka CARDINAL FREIGHT FLEET, AND PROTECTIVE INSURANCE COMPANY ("DEFENDANTS") by and through their respective counsel, hereby stipulate and agree that, in order to facilitate the discovery and trial process, documents that the parties deem to be confidential, proprietary, or subject to the privacy rights of third parties ("CONFIDENTIAL INFORMATION") shall be produced and protected according to the following terms and conditions:

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve the disclosure and production of confidential, proprietary, or private information for which special protection from public dissemination and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation is warranted.  This Order does not confer blanket protections on all discovery responses, document productions or deposition testimony.  This Protective Order does not entitle the parties to file confidential information under seal.  Rules 5.2(a), (d-h), of the Federal Rules of Civil Procedure set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.3 "Producing Party" means a Party or Non-Party that produces

Disclosure or Discovery Material in this action.

  2.4 "Professional Vendor" means person or entity that provides litigation support services (e.g., transcribing, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.5 "Confidential Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

  2.6 "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover "Confidential Material" and (1) any information copied or extracted from "Confidential Material"; (2) all copies, excerpts, summaries, or compilations of "Confidential Material"; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal "Confidential Material." However, the protections conferred by this Order do not cover (a) information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of a publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party, or (c) the use of "Confidential Material" during the actual trial of this action. Any use of "Confidential Material" during trial must be governed by a separate order.

/ / /

/ / /

4.     DURATION

The confidentiality obligations set forth in this Order shall survive and remain in effect after the final disposition of this action unless the Designating Party agrees otherwise in writing or a subsequent Order of Court directs otherwise.

5.     DESIGNATING "CONFIDENTIAL MATERIAL"

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that the Designating Party or Non- Party in good faith believes to qualify as "Confidential" under applicable law.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  A designation of "Confidentiality" in conformity with this Order requires:

a.     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or of other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each

page that contains "Confidential Material." If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing copies of the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains "Confidential Material." If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.  For deposition testimony, the Designating Party must identify on the record, before the close of the deposition that the testimony included "Confidential" material. The Designating Party may have thirty (30) days after delivery of the transcript by the court reporter to designate the specific portions of the deposition transcript which qualify as "Confidential." Only those portions of the transcript so" designated shall be covered by the provisions of this Stipulated Protective Order. Transcripts containing "Confidential Material" shall have an obvious legend on the title page that the transcript contains "Confidential Material."

c.  For intangible information and for tangible items which cannot be marked as described in 5.2(a) or 5.2(b), the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or

portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Prior to the filing of any motion with the Court, any Party challenging a designation of confidentiality shall conduct a meaningful, good faith meet and confer with the Designating Party.  If the meet and confer does not result in a resolution, the Challenging Party may file an appropriate motion with the Court to challenge a designation of confidentiality.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation ·is disclosed.

6.2   Judicial Intervention.  If a Party files a motion to challenge another's "Confidentiality" designation, all other parties shall continue to treat the material in question as "Confidential" until the court rules on the challenge.

7.   ACCESS TO AND USE OF "CONFIDENTIAL MATERIAL"

7.1   Basic Principles.  A Receiving Party may use "Confidential Material" disclosed or produced by another Party or by a Non-Party in connection

with this case only for prosecuting, defending, or attempting to settle this litigation. Such "Confidential Material" may be disclosed only to the categories of persons and only under the conditions described in this Order.

        7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

        a.     the Receiving Party's Counsel;

        b.     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

        c.     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" in substantially the same form as shown in the Appendix to this Order;

        d.     the court and its personnel;

        e.     court reporters and their staff;

        f.     professional jury or trial consultants, Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" in substantially the same form as shown in the Appendix to this Order;

        g.     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" in substantially the same form as shown in the Appendix to this Order unless otherwise agreed by the Designating Party or provided by a subsequent Order of Court; and

        h.     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. SUBPOENAS OF "CONFIDENTIAL MATERIAL"

If a Receiving Party is served with a subpoena or a court order issued in another action or proceeding that compels disclosure of any information or items designated in this action as "Confidential" by another Designating Party, the Receiving Party must:

    a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose "Confidential Material" may be affected. Nothing in this Paragraph shall require a Receiving Party who is served with a subpoena or court order for the production of another party's "Confidential Material" to take affirmative action at its own expense beyond the notification and cooperation provisions described above. The Designating Party whose "Confidential Information" is sought shall bear the burden and expense of seeking protection of that "Confidential Material."

9. "CONFIDENTIAL MATERIAL" PRODUCED BY NON-PARTIES

This Order applies to "Confidential" information produced by a Non-Party to this action provided he/she/it designates the material "Confidential" in the manner specified by this Order.

10. UNAUTHORIZED DISCLOSURE OF "CONFIDENTIAL MATERIAL"

If, through inadvertence or excusable mistake, a Receiving Party learns that it

has disclosed "Confidential Material" to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must take reasonable steps to notify in writing the Designating Party of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the "Confidential Material," inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" in substantially the same form as shown in the Appendix to this Order.

11. MISCELLANEOUS

11.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

11.3   Filing "Confidential Material."  Without either written permission from the Designating Party or a court order, a Party may not file in the public record in this action any "Confidential Material."  A Party that seeks to file under seal any "Confidential Material" must comply with Rules 5.2(a), (d-h) of the Federal Rules of Civil Procedure.  If a Receiving Party's request to file "Confidential Material" under seal is denied by the court, then the Receiving Party may file the "Confidential Material" in the public record unless otherwise instructed by the court.

12. FINAL DISPOSITION

Within a reasonable period after the final disposition of this action, each

1  Receiving Party must return all "Confidential Material" to the Producing Party or it
2  must destroy such material.  Notwithstanding this provision, each Receiving Party
3  may retain – as confidential – any electronic copies of "confidential material"
4  subject to this Protective Order.  Further, counsel are entitled to retain an archival
5  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
6  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
7  work product, and consultant and expert work product, even if such materials
8  contain "Confidential Material."  Any such archival copies that contain or constitute
9  "Confidential Material" will remain subject to this Protective Order.

DATED:  March 7, 2017             MUSICK, PEELER & GARRETT LLP


                                  By: /S/ Susan J. Field
                                      Susan J. Field
                                      Plaintiff/Counter-Defendant
                                      CLARENDON NATIONAL
                                      INSURANCE COMPANY

DATED:  March 7, 2017             LEACH & MCGREEVY, LLP


                                  By: /S/ Richard E. McGreevy
                                      Richard E. McGreevy
                                      Brian Leach
                                      Attorneys for Defendant and Counter-
                                      Claimants
                                      CARDINAL LOGISTICS
                                      MANAGEMENT CORPORATION, aka
                                      CARDINAL FREIGHT FLEET AND
                                      PROTECTIVE INSURANCE COMPANY

# APPENDIX TO PROTECTIVE ORDER

Case Name: Clarendon National Insurance Company v. Cardinal Logistics Management, et al. United States District Court Eastern District of California Case No. 2:15-CV-01309-KJM-DB

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____, [print or type full address], declare under penalty of perjury under the Federal laws of the United States of America that I have read in its entirety and understand the Protective Order that was issued in the above referenced lawsuit by the United States District Court Eastern District of California. I agree to comply with and to be bound by all the terms of this Protective Order as it applies to information designated as "Confidential Material" during discovery in the above referenced lawsuit. I will not disclose in any manner information that is designated "Confidential" except in compliance with the provisions of the Protective Order. I acknowledge that the unauthorized dissemination of "Confidential Material" to third parties may expose me to sanctions by the Court. I further agree to submit to the jurisdiction of the United States District Court Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____, 2017    _____
///

**ORDER**

Pursuant to the parties' March 7, 2017 stipulation, (ECF No. 41), IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or other authority for sealing*, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

////

1035071.1

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: March 8, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\clarendon1309.stip.prot.ord

1035071.1